Dear Mr. Lawrence:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have indicated that the City of Bastrop owns and operates the Morehouse Memorial Airport, on the premises of which are a number of abandoned or otherwise aircraft and aircraft parts. The parts include major components of an airplane, such as the engine or aircraft frame. Many of these items have remained upon the premises, unclaimed and abandoned, for periods of five to ten years or more. As such, you have been authorized by the Mayor and Board of Alderpersons of the City of Bastrop to ask for an opinion as to what legal avenues are available for the city to sell or dispose of aircraft and aircraft parts that are abandoned or unclaimed on the premises of the airport.
First, we note that in the 2008 Regular Session, the Louisiana Legislature enacted Act No. 326, which repealed La.R.S. 2:1(5) and 2 through 4, effective August 15, 2008. The bill containing the Act was signed by the Governor on June 17, 2008. The repeal eliminates La.R.S. 2:2.6, which provided for the provided a procedure for the seizure and sale of abandoned aircraft. Thus, effective August 15, 2008, there is no statute that specifically applies to the disposal of abandoned aircraft.
Nevertheless, La.R.S. 33:2333 provides that:
 A. The provisions of this Section shall apply to all stolen property recovered by any police department and all property lawfully seized by or voluntarily relinquished to any police department the disposition of which is not otherwise provided for by local and state law. *Page 2 
 B. All property described in Subsection A of this Section shall be disposed of as follows:
 (1) Contraband shall be delivered to the district court of the judicial district in which the police department is located, to be disposed of in accordance with the provisions of R.S. 15:41.
 (2)(a) Noncontraband shall not be disposed of prior to the lapse of one hundred fifty days. If the property has not been claimed by the owner within that time, the police department shall dispose of the property as provided in this Subsection. The first disposition of such property shall be that all appropriate and usable property shall be given to nonprofit youth facilities or to any other nonprofit organization. Thereafter, all remaining usable property shall be disposed of by publicly advertised auction held in compliance with relevant laws governing public auctions. If any property is determined to be unusable, it shall be sold to a salvage company or destroyed.
 (b) However, no property shall be disposed of until the department has advertised twice within thirty days in a newspaper published in the municipality that the police department has within its possession the property to be disposed of. The advertisement shall describe the property and shall call upon the owner to present himself, prove ownership, and pay the accrued storage charges, as well as the cost of advertisement.
 (3) Repealed by Acts 2003, No. 981, § 2, eff. July 1, 2003.
Since the disposition of abandoned aircraft is no longer otherwise provided for by local and state law, we believe La.R.S. 33:2333 would apply, assuming the abandoned property was seized by or relinquished to a police department. Thus, the abandoned property should be relinquished to the appropriate police department, which should then dispose of it in accordance with La.R.S. 33:2333. In accord is Atty. Gen. Op. No. 78-833. We note that, under La.R.S. 2:2.6, the abandoned aircraft would also have to been seized by a peace officer.
In conclusion, given the recent repeal of La.R.S. 2:2.6, effective August 15, 2008, abandoned aircraft and aircraft parts should be disposed of in accordance with La.R.S. 33:2333.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: _____________________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II:crt